# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAJAN PATEL** | : | **CIVIL ACTION** |
| *Plaintiff, pro se* | : | |
| | : | **NO. 21-0546** |
| **v.** | : | |
| | : | |
| **ECFMG** | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.        APRIL 7, 2022

## MEMORANDUM OPINION

**INTRODUCTION**

This case involves allegations of disability discrimination based on failure to accommodate. In his amended complaint, Plaintiff Rajan Patel ("Plaintiff"), proceeding *pro se*, sued the Educational Commission for Foreign Medical Graduates ("ECFMG" or "Defendant") pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Equal Educational Opportunity Act ("EEOA"), 20 U.S.C. § 1701 *et seq.*, claiming that Defendant's alleged failure to accommodate his disability has resulted in his continued inability to sit for a required licensing exam needed to practice medicine in the United States. [ECF 25]. Before this Court are Defendant's motion to dismiss filed pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6), [ECF 26], Plaintiff's response in opposition, [ECF 29], Defendant's reply, [ECF 32], and Plaintiff's sur-reply, [ECF 35].[1] The issues raised in the motion to dismiss have been fully briefed and are ripe for disposition. For the reasons set forth below, Defendant's motion to dismiss is granted.

---

[1]      This Court has also considered the supplemental letter brief filed by Plaintiff, [ECF 36], and Defendant's letter response thereto, [ECF 37].

## BACKGROUND

When ruling on a motion to dismiss, a court must accept all well-pleaded facts in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The facts relevant to the motion to dismiss are summarized as follows:[2]

> Defendant ECFMG is a private, non-profit organization that certifies international medical school graduates ("IMGs") for medical residency programs in the United States. Under Defendant's rules, all IMGs must take and pass a series of three examinations ("exams") within seven years of each other before they can be certified (the "Seven-Year Rule"). In certain cases, Defendant may grant an IMG an exception to the Seven-Year Rule. Defendant considers a request for such an exception only after the IMG has taken and passed all of the required exams. If the IMG's request for an exception is denied, the IMG generally must retake the first exam so that all of the exams have been taken and passed within a seven-year window.

> Prometric is a private company that administers the three exams required for certification. At the onset of the COVID-19 pandemic, Prometric closed their test centers. When Prometric eventually reopened the test centers, it established a policy that required all examinees to wear face masks covering their noses and mouths for the entirety of the exams.

> Plaintiff is an IMG who seeks certification from Defendant to practice medicine in the United States. Plaintiff has taken and passed two of the three required exams and now seeks to sit for the last exam, the United States Medical Licensing Examination Step 2 CK (the "Step 2 Exam"). Based on the date of his first exam, Plaintiff's seven-year deadline expired in June 2020, while Prometric's test centers were closed due to the pandemic.

> Plaintiff suffers from asthma, which causes him to experience shortness of breath while wearing a face mask for prolonged periods of time. A pulmonologist at Johns Hopkins Medicine advised Plaintiff that because of his asthma condition, wearing a mask for the entire length of the Step 2 Exam—nine hours—could be dangerous to his health. Based on the doctor's advice, Plaintiff, sometime after the start of the pandemic but before his seven-year window was set to expire, asked Prometric to accommodate his medical condition by allowing him to sit for the Step 2 Exam under conditions that would not require him to wear a mask. He suggested he could take the exam in a separate room away from other examinees.

> Prometric declined Plaintiff's request on health and safety grounds and suggested that Plaintiff wait to take the Step 2 Exam until after the mask policy was no longer in place. Plaintiff informed Prometric that his seven-year window would

---

[2] These facts are drawn from Plaintiff's amended complaint. [ECF 25].

2

be expiring soon.  In response, Prometric told Plaintiff that it would provide the requested accommodation and allow him to take the Step 2 Exam without wearing a mask only if Plaintiff provided notice that Defendant had agreed to extend the Seven-Year Rule for Plaintiff.

Pursuant to Prometric's suggestion, Plaintiff approached Defendant and requested a prospective exception to the Seven-Year Rule so that Prometric would allow him to take the Step 2 Exam without wearing a mask.  Defendant informed Plaintiff that it would not consider granting an exception until after Plaintiff had taken and passed the Step 2 Exam.

## LEGAL STANDARD

Rule 12(b)(1) permits a defendant to challenge a civil action for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  In evaluating a Rule 12(b)(1) motion, a court must first determine whether the movant presents a facial or factual attack.  *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  A facial attack "concerns 'an alleged pleading deficiency' whereas a factual attack concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'"  *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (citations omitted).  When a defendant files a Rule 12(b)(1) motion prior to an answer, as is the case here, the motion will be considered a facial challenge to jurisdiction.[3]  *Constitution Party*, 757 F.3d at 358.  In reviewing a facial challenge that contests the sufficiency of the pleadings, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."  *Gould Elec. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).  The burden of establishing subject-matter jurisdiction rests with the party asserting its existence.  *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006).

---

[3]     Conversely, a factual challenge may occur at any stage of the proceedings. *Constitution Party*, 757 F.3d at 358 (citing *Mortensen*, 549 F.2d at 889–92).

When considering a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded facts as true. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court may also consider "exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004); *see also* Fed. R. Civ. P. 10(c). Any "[t]hreadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements" may be disregarded. *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 879 (3d Cir. 2018) (internal citation omitted).

To survive a Rule 12(b)(6) challenge, the plaintiff must plead facts sufficient to state a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Therefore, the operative complaint must contain sufficient facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). The operative complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citations omitted).

Importantly, "courts must accord special care to *pro se* claimants." *In re Energy Future Holdings Corp.*, 949 F.3d 806, 824 (3d Cir. 2020) (internal quotation marks and citation omitted). The court must liberally construe *pro se* filings, holding them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Notwithstanding, *pro se* plaintiffs may not "flout procedural rules." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

**DISCUSSION**

Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, prohibits discrimination on the basis of disability in places of public accommodation, and the Equal Educational Opportunity Act ("EEOA"), 20 U.S.C. § 1701 *et seq.*, prohibits a local or state educational agency from denying an equal educational opportunity to an individual on account of certain protected characteristics.

Defendant proffers two arguments for the dismissal of Plaintiff's claims, *to wit*: (1) Plaintiff's amended complaint should be dismissed, pursuant to Rule 12(b)(1), because the case is not ripe, and (2) the amended complaint should be dismissed, pursuant to Rule 12(b)(6), because Plaintiff has failed to allege plausible claims against Defendant. For the reasons that follow, this Court finds that the case is ripe for adjudication, but that Plaintiff's amended complaint does not plausibly allege claims against Defendant under the ADA or EEOA.

### *Ripeness*

As a threshold matter, this Court must determine if subject-matter jurisdiction exists before addressing the substance of Plaintiff's claims. *See In re Caterbone*, 640 F.3d 108, 111 (3d Cir. 2011) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). Federal jurisdiction is limited by Article III of the United States Constitution in that federal courts may consider only actual "cases or controversies." *See Whitmore v. Arkansas*, 495 U.S. 149, 154–55 (1990). The "core" of the "case-or-controversy requirement" is the "triad of injury in fact, causation, and redressability." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998). This core "serves to identify those disputes which are appropriately resolved through the judicial process." *Whitmore*, 495 U.S. at 155. If a litigant does not meet these requirements, the case must be dismissed for lack of subject-matter jurisdiction. *See Steel Co.*, 523 U.S. at 88–89. Importantly, "[t]he party invoking

5

federal jurisdiction bears the burden of establishing these elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Interrelated with the case-or-controversy requirement is the ripeness doctrine. *Wyatt, V.I., Inc. v. Gov't of the V.I.*, 385 F.3d 801, 806 (3d Cir. 2004). This doctrine "determines 'whether a party has brought an action prematurely, and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine.'" *Pittsburgh Mack Sales & Serv., Inc. v. Int'l Union of Operating Eng'rs, Local Union No. 66*, 580 F.3d 185, 190 (3d Cir. 2009) (quoting *Peachlum v. City of York*, 333 F.3d 429, 433 (3d Cir. 2003)). "If a claim is not ripe, the court should dismiss it for lack of subject matter jurisdiction." *River Thames Ins. Co. v. 5329 West, Inc.*, 1995 WL 241490, at *2 (E.D. Pa. Apr. 21, 1995).

In determining whether a case is ripe, courts generally examine "(1) 'the fitness of the issues for judicial decision,' and (2) 'the hardship to the parties of withholding court consideration.'" *Surrick v. Killion*, 449 F.3d 520, 527 (3d Cir. 2006) (quoting *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 149 (1967)). An analysis of the fitness prong includes "whether the claim involves uncertain and contingent events that may not occur as anticipated or at all; the extent to which a claim is bound up in the facts; and whether the parties to the action are sufficiently adverse." *Phila. Fed. of Teachers, Am. Fed. of Teachers, Local 3 v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998). "Claims based merely upon assumed potential invasions of rights are not enough to warrant judicial intervention." *Wyatt*, 385 F.3d at 806 (internal quotations and citations omitted). As to the second prong, the court's analysis "focuses on the hardship that may be entailed in denying judicial review, and the determination whether any such hardship is cognizable turns on whether the challenged action creates a direct and immediate dilemma for the parties . . . ." *Phila. Fed. of Teachers*, 150 F.3d at 323.

a. *Fitness of the Issues*

Defendant argues that Plaintiff's claims are not ripe because in the amended complaint Plaintiff fails to allege that he has been injured. Defendant contends that Plaintiff's allegations instead "hinge on contingent, hypothetical future events." (Def.'s Br., ECF 26, at p. 8). Specifically, Defendant argues that Plaintiff's injury is purely hypothetical because Defendant generally considers exceptions to the Seven-Year Rule *after* IMGs have passed all of the required exams, and it remains unclear whether Plaintiff will pass the Step 2 Exam. In response, Plaintiff argues that he has, in fact, been injured by Defendant's refusal to provide him a prospective exception to the Seven-Year Rule, because that refusal has prevented him from sitting for the Step 2 Exam due to his medical condition.

A review of Plaintiff's *pro se* amended complaint, construed liberally, reveals that the dispute between Plaintiff and Defendant is fit for judicial intervention. As alleged in the amended complaint, Plaintiff has been, and is still, unable to *sit* for the Step 2 Exam because of Defendant's refusal to provide a reasonable accommodation to its usual policy, which would allow him to take the exam. For as long as Prometric's mask policy remains in effect, and without an accommodation from Defendant, Plaintiff will not be able to sit for the nine-hour Step 2 Exam due to his asthma condition, unlike other IMGs who do not suffer from similar medical conditions. According to Prometric's public website, the policy that all examinees must wear masks while taking exams is still in place. *COVID-19 Update*, Prometric, https://www.prometric.com/covid-19-update/covid-19-update (last visited Apr. 4, 2022). As such, Plaintiff's claims against Defendant are not "based merely upon assumed potential invasions of rights." *See Wyatt*, 385 F.3d at 806. Rather, Defendant's actions have created "a direct and immediate dilemma" for Plaintiff. *See Phila. Fed. of Teachers*, 150 F.3d at 323.

b. *Hardship to the Parties*

The allegations in the amended complaint suggest that Plaintiff would suffer meaningful hardship if the amended complaint were to be dismissed on ripeness grounds, as Defendant argues. As noted, Plaintiff alleges Prometric has indicated that the only way Plaintiff may take the Step 2 Exam without risking his health is if Defendant provides a prospective exception to the Seven-Year Rule. The COVID-19 pandemic remains a public health crisis, and there is no way to know when—or even if—Prometric will cease requiring examinees to wear masks. Without any ability to sit for the Step 2 Exam, Plaintiff has reached an impasse, which could hamper the start of his medical career in the United States. *See Doe v. L. Sch. Admission Council, Inc.*, 791 F. App'x 316, 319 (3d Cir. 2019) (finding case involving exam accommodations where parties reached a "stalemate" ripe for judicial review). Under these circumstances, this Court finds that Plaintiff could suffer great hardship without judicial intervention.

Therefore, Plaintiff's claims are ripe for adjudication, and this Court has subject-matter jurisdiction. Accordingly, Defendant's motion to dismiss the amended complaint pursuant to Rule 12(b)(1) is denied.

### *Failure to State a Claim*

Having determined that subject-matter jurisdiction exists, this Court will address Defendant's arguments in support of its motion to dismiss pursuant to Rule 12(b)(6)—that Plaintiff's ADA claim is not plausible because it is directed at the wrong entity and does not involve Plaintiff's inability to access a physical place of public accommodation,[4] and that

---

[4] With respect to Plaintiff's ADA claim, Defendant also posits that "Plaintiff's allegations are demonstrably false." (Def.'s Br., ECF 26, at p. 11). At this procedural posture, this Court must construe Plaintiff's *pro se* amended complaint liberally, *Erickson*, 551 U.S. at 94, and accept all of Plaintiff's well-pleaded allegations as true, *Fowler*, 578 F.3d at 210. As such, this Court will not address this argument.

Plaintiff's EEOA claim is not plausible because Defendant is not a state or local educational agency.

Defendant contends that Plaintiff's claim under the ADA "has been lodged at the wrong entity" because it is Prometric, not Defendant, who has refused to accommodate Plaintiff's disability. (Def.'s Br., ECF 26, at p. 12). In response, Plaintiff explains that the accommodation he sought from Prometric is separate from the accommodation he now seeks from Defendant. A review of the amended complaint confirms that Plaintiff alleges two separate injuries, namely two refusals to accommodate his medical condition—Prometric's denial of an accommodation unless Defendant granted Plaintiff an exception to the Seven-Year Rule *and* Defendant's refusal to grant that exception prospectively. As such, Plaintiff's ADA claim has not been lodged at the wrong entity, as Defendant contends.

Defendant also argues that Plaintiff's ADA claim fails because it does not relate to Plaintiff's access to a physical place. As noted, Title III of the ADA prohibits discrimination on the basis of disability in places of public accommodation. *Anderson v. Macy's, Inc.*, 943 F. Supp. 2d 531, 542 (W.D. Pa. 2013). A plaintiff bringing a claim under Title III must allege all three of the following: "'(1) discrimination on the basis of a disability; (2) in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation; (3) by the public accommodation's owner, lessor or operator.'" *Id.* at 542–43 (quoting *Harty v. Burlington Coat Factory of Pa., L.L.C.*, 2011 WL 2415169, at *9 (E.D. Pa. June 16, 2011)). Courts within the Third Circuit have interpreted "operator" as requiring some level of management, control, or regulation over the place. *See, e.g.*, *Datto v. Harrison*, 664 F. Supp. 2d 472, 487 (E.D. Pa. 2009) (concluding that "to 'operate' a public accommodation within the meaning of the statute, one must control or direct its functioning or conduct its affairs"); *Bowers*

9

*v. Nat'l Collegiate Athletic Ass'n*, 9 F. Supp. 2d 460, 486 (D.N.J. 1998) (defining "operates" as "manages, controls, or regulates the place or places of public accommodation").

Here, Plaintiff's ADA claim undoubtedly stems from his inability to take the Step 2 Exam at Prometric's test centers, which are physical places. However, Plaintiff's amended complaint does not include any allegation indicating that *Defendant* owns, leases, or operates any of these test centers. Indeed, Prometric—not Defendant—instituted the mask policy for which Plaintiff sought an accommodation based on his disability. *Cf. Bowers v. Nat'l Collegiate Athletic Ass'n*, 118 F. Supp. 2d 494, 515 (D.N.J. 2000) (finding NCAA operated member institution by controlling its athletic programs through rules and procedures for compliance). While Defendant has refused to issue a prospective exception to its Seven-Year Rule, it is *Prometric* that has impeded Plaintiff's access to a test center to sit for the Step 2 Exam by refusing to provide an accommodation for his disability and by making the disability accommodation conditional on the exception being granted. Under these circumstances, this Court cannot hold Defendant liable for another entity's purported failure to provide an accommodation under the ADA. Because on the facts alleged, Defendant cannot be legally responsible under Title III for its refusal to grant Plaintiff a prospective exception to the Seven-Year Rule under its guidelines, Plaintiff's ADA claim is dismissed.

As to Plaintiff's EEOA claim, Defendant argues that it cannot be held liable under the EEOA because it is not a state or local educational agency. As noted, the EEOA prohibits a local or state educational agency from denying an equal educational opportunity to an individual on account of certain protected characteristics. 20 U.S.C. § 1703(f). The statute defines "local educational agency" and "state educational agency" by incorporation of the definitions provided in § 801(f) and (k), respectively, of the Elementary and Secondary Education Act of 1965. *Id.* § 1720(a)–(b). The Elementary and Secondary Education Act defines "local educational agency" as

"a public board of education or other public authority legally constituted within a State . . . ," *id.* §

7801(30)(A), and "state educational agency" as "the State educational agency in a State in which

the State education agency is the sole educational agency for all public schools," *id.* §

7801(30)(E).[5] Defendant—a private organization—does not fall within the definition of either a

local or state educational agency. Thus, the EEOA does not apply to Defendant. Accordingly,

Plaintiff's EEOA claim against Defendant is dismissed.

**CONCLUSION**

For the foregoing reasons, this Court has subject-matter jurisdiction in this matter.

However, Defendant's Rule 12(b)(6) motion to dismiss Plaintiff's amended complaint is granted.

Accordingly, Plaintiff's claims against Defendant brought under the ADA and the EEOA are

dismissed. An Order consistent with this Memorandum Opinion follows.

*NITZA I. QUIÑONES ALEJANDRO*, J.

---

[5]     The cited statute is the *Every Student Succeeds Act*, which President Barack Obama signed into law in 2015 to reauthorize the Elementary and Secondary Education Act of 1965. *See Issa v. Sch. Dist. of Lancaster*, 2016 WL 4493202, at *1 n.1 (E.D. Pa. Aug. 26, 2016).