22-1651



Rajan Patel
8701 Breabba Drive
Gaithersburg, MD 20882

OFFICE OF THE CLERK

**PATRICIA S. DODSZUWEIT**
**CLERK**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA 19106-1790
Website: www.ca3.uscourts.gov

TELEPHONE
215-597-2995



April 12, 2022

Rajan Patel
8701 Breabba Drive
*Gaithersburg, MD 20882*

RE: Rajan Patel v. Educational Commission for Foreign Medical Graduat
Case Number: 22-1651
District Court Case Number: 2-21-cv-00546

PACER account holders are required to promptly inform the PACER Service Center of any contact information changes. In order to not delay providing notice to attorneys or pro se public filers, your information, including address, phone number and/or email address, may have been updated in the Third Circuit database. Changes at the local level will not be reflected at PACER. Public filers are encouraged to review their information on file with PACER and update if necessary.

To All Parties:

**Attorneys are required to file all documents electronically through the Court's Electronic Case Filing System.** See 3d Cir. L.A.R. 113 and the Court's website at www.ca3.uscourts.gov/cmecf-case-managementelectronic-case-files.

Enclosed is case opening information regarding the above-captioned appeal filed by **Rajan Patel**, docketed at **No. 22-1651**. All inquiries should be directed to your Case Manager in writing or by calling the Clerk's Office at 215-597-2995. This Court's rules, forms, and case information are available on our website at http://www.ca3.uscourts.gov.

**On December 1, 2009, the Federal Rules of Appellate and Civil Procedure were amended modifying deadlines and calculation of time. In particular those motions which will toll the time for filing a notice of appeal under Fed.R.App.P. 4(a)(4), other than a motion for attorney's fees under Fed.R.Civ.P. 54, will be considered timely if filed no later than 28 days after the entry of judgment. Should a party file one of the motions listed in Fed.R.App.P 4(a)(4) after a notice of appeal has been filed, that party must immediately inform the Clerk of the**

**Court of Appeals in writing of the date and type of motion that was filed. The case in the court of appeals will not be stayed absent such notification.**

The requirements for the filing of an appearance form, disclosure statement and civil appeal information statement are waived for pro se litigants.

**Counsel for Appellee**

As counsel for Appellee(s), you must file:
1. Application for Admission (if applicable)
2. Appearance Form
3. Disclosure Statement (except governmental entities)
These forms must be filed within **(14) fourteen days** of the date of this letter.

Attached is a copy of the full caption as it is titled in the District Court. Please review the caption carefully and promptly advise this office in writing of any discrepancies.

Very truly yours,
s/ Patricia S. Dodszuweit
Clerk

By: s/Kirsi
Case Manager
267-299-4911

cc: Max O. Bernstein, Esq.
    Elisa P. McEnroe, Esq.

Enclosures:
Information for Pro Se Litigants
Caption

RAJAN PATEL,

       Appellant

v.

EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES

INFORMATION FOR PRO SE LITIGANTS

The information below is intended to assist litigants who are not represented by an attorney, also known as pro se litigants.

**Contents**

Brief Overview Of The Appeals Process
Clerk's Office
Rules And Requirements
Fees; In Forma Pauperis; Dismissal
Jurisdictional Defects
Definitions
Contents Of The Brief
Attachments To The Informal Brief/Appendix
Time Requirements For Briefs And Appendix
Number of Copies
Electronic Filing
Electronic Access To Documents
Answers To Frequently Asked Questions

---

Brief Overview Of The Appeals Process

Your appeal begins when you file a notice of appeal or a petition for review from a final decision of a district court or agency. It will be assigned a court of appeals docket number by the Court of Appeals Clerk's Office. Any correspondence from you should indicate this number. The parties will be asked by the Clerk to complete forms necessary for the appeal to proceed. In addition, you will be notified of potential problems with the appeal, i.e., non-payment of filing fees and jurisdictional defects.

At the appropriate time, the Clerk will issue a briefing schedule. Your brief is the primary focus of the appeal, and is discussed in further detail below. Once all briefs have been filed, they will be sent to a panel of judges for a decision on the merits of the appeal. The majority of cases are decided on briefs only. No new evidence or testimony can be presented in this Court. This Court is permitted only to examine the district court/agency records for possible

constitutional, legal, or factual error. Oral argument may be requested by the parties, but is granted rarely. Your appeal may be decided with or without a written opinion. Usually, motions filed before briefs are filed are referred to a panel of judges for decision before briefs are submitted to the court.

Once a final judgment is entered by this Court, a dissatisfied litigant may file a petition for rehearing in this court. In addition, the litigant may file a petition for writ of certiorari in the Supreme Court of the United States.

**Note: Litigants should keep a copy of all documents submitted to the Court. If a time stamped copy of a document is desired as proof of receipt by the Court, an extra copy of the document and a self-addressed, stamped envelope must be included with the submission.**

### Clerk's Office

The Clerk's Office receives briefs, appendices, and motions from the parties, then forwards them at the appropriate time to Circuit Judges. The Clerk's Office personnel do not decide your case.

### Rules And Requirements

All litigants in this Court must follow the Federal Rules of Appellate Procedure (FRAP) and the Third Circuit Local Appellate Rules (3rd Cir. LAR). In addition, the Third Circuit Internal Operating Procedures (IOP) apply to all cases.

Court staff may assist you with procedural questions, however, they can not discuss the merits of your case with you, nor give you substantive legal advice. If you have a question about court procedures, you may call the Clerk's Office during business hours.

**NOTE:** While some of the relevant rules are summarized in this document and in information sent by the Clerk's Office, it is the actual language of the rule that guides this Court's decisions. The Federal Rules are available in most law libraries.

### Fees; In Forma Pauperis; Dismissal

The docket fee for an appeal is paid in the district court. The amount is $505.00 for appeals filed on or after December 1, 2013. The docket fee for a petition for review of a decision of a federal agency or for an original proceeding is $500.00 for petitions or original proceedings filed after December 1, 2013, paid in this Court.

If you are indigent you may file a motion for in forma pauperis status which dispenses with the filing and/or docketing fee in non-prisoner cases and allows you to file fewer copies of your brief. It does not cover other expenses associated with the appeal, *e.g., service, copying, mailing,* or costs you may have to pay the other party if you lose the appeal. FRAP 39.

The Clerk's Office will advise you whether you need to file a motion for in forma pauperis status. If you do not pay the docket fee or file the motion to proceed in forma pauperis and *additional forms as may be required* in accordance with the Clerk's instructions, your appeal may be dismissed. 3rd Cir. LAR 3.3 and 107.

#### A. *In Forma Pauperis Status for Prisoners*

The Prison Litigation Reform Act of 1996, effective April 26, 1996, has made significant changes to the in forma pauperis statute, 28 U.S.C. §1915, as it applies to civil actions and appeals filed by prisoners. The statute no longer provides for the waiver of court filing or docketing fees for prisoners who are granted leave to proceed in forma pauperis. If a prisoner has been granted leave to proceed in forma pauperis, the prisoner is obligated to pay the entire filing and/or docketing fee in the manner prescribed by statute, regardless of the outcome of the proceeding or appeal.

If you are a **prisoner** and paid the filing fee at the beginning of your case in the district court or were granted in forma pauperis by the district court and are indigent or cannot afford to pay the fees on appeal, you must file a motion to proceed in forma pauperis in the Court of Appeals.

#### B. *In Forma Pauperis Status for Non-Prisoners*

*If you are not a prisoner and paid the filing fee at the beginning of your case in the district court, but are indigent or cannot afford to pay the fees on appeal, you may file a motion to proceed* in forma pauperis, *with an affidavit of poverty, in the district court.*

*If the district court denies the motion, or if you were granted permission to proceed* in forma pauperis *at the beginning of your case in the district court but the district court dismissed your*

case pursuant to 28 U.S.C. §1915(e), you must file a motion to proceed in forma pauperis and affidavit of poverty in the Court of Appeals. FRAP 24. If you file a motion to proceed in forma pauperis, this Court will review the district court record; if the Court determines that an appeal is totally without legal merit, it may dismiss the appeal prior to the filing of briefs. 28 U.S.C. §1915(e).

---

### Jurisdictional Defects

As a general rule, this Court can only hear appeals taken in a timely fashion from final orders of a district court or certain administrative agencies. All appeals are checked for possible jurisdictional problems. If there is a problem with your appeal, you will be sent a letter which indicates the rule or statute relevant to the jurisdictional defect in your appeal. Parties will be given an opportunity to file written responses presenting arguments on the question of jurisdiction. These responses will be sent to the Court, which will decide whether to dismiss the appeal for lack of jurisdiction.

---

### Definitions

**Appellant/Petitioner** -- The appellant/petitioner generally is the party who lost in the district court/agency and filed the notice of appeal. The appellant/petitioner generally wants this Court to reverse or modify the judgment of the district court or agency.

**Appellee/Respondent** -- The appellee/respondent is generally the party who won in the district court/agency. The appellee/respondent generally wants this Court to affirm the decision of the district court or agency.

**Appendix** -- An appendix is a compilation of the relevant documents filed in the district court/agency that the court of appeals must review in order to reach a decision in your case. FRAP 30. A pro se litigant may attach relevant documents to the informal brief, rather than binding them separately in an appendix. It is the duty of appellant/petitioner to reproduce important documents from the district court/agency record.

**Brief** -- A brief is the written presentation of your argument on appeal. Pro se litigants may file an informal brief by completing the informal brief form provided by the Clerk. If you choose to file a formal brief, you must comply with all court rules. See FRAP 28, 32; 3rd Cir. LAR 28, 32.

**Certificate of Service** -- The rules of the Court require that you send a copy of any brief or motion to each opposing party and that you advise the Court in writing that you have done so. Service may be required regardless of whether the opposing parties were served in the District Court. A certificate of service is attached to the informal brief and must be completed and filed with the brief. Unlike the District Court, this Court does not use the U.S. Marshal to serve papers for you. This Court will not serve papers for you. FRAP 25, 27. When filing a motion, you must include a statement that you personally gave or mailed a copy of the motion to opposing parties and the date on which you did so.

**Motion** -- A motion is a request by a party for a certain kind of action by the Court. A party may request, for example, extensions of time, permission to proceed in forma pauperis, bail, or other relief. Opposing parties may file an answer to the motion. FRAP 27.

**Petition for Rehearing** -- After the final judgment is entered, a dissatisfied litigant may petition for rehearing before the original panel or the Court en banc. You will be given instructions when the final order is entered. FRAP 35, 40. **Note**: the Court does not entertain petitions for rehearing or reconsideration of non-final orders, i.e., orders which do not close the case.

---

Contents Of The Brief

Pro se litigants may choose to file an informal brief. Complete the informal brief form provided by the Clerk by answering the questions posed. The majority of cases in this Court are decided on the briefs only. Requests for oral argument are governed by 3rd Cir. LAR 34.1; they are rarely granted.

If you choose to do a formal brief and your brief does not comply with the rules, it may be returned to you for correction.

---

Attachments To The Informal Brief/Appendix

At the least, you should attach to the informal brief the district court docket entries, the complaint or pleadings, the order of the district court, the district court opinion, if any, and the notice of appeal. You should also include any parts of the record deemed relevant or

important. In choosing which parts of the record to include, keep in mind that the entire district court record is available to this court for review. Only documents that were filed in the district court may be included; new material may not be included in the appendix.

If you choose to file a formal brief, you must file a formal appendix that complies with FRAP 30 and 3rd Cir. LAR 28, 32.

You may file a motion to proceed on the original record which, if granted, would dispense with the requirements of filing an appendix or attaching certain documents to the informal brief. FRAP 30(f); 3rd Cir. LAR 30.2. However, if the motion is granted, you still must attach to each copy of your brief a copy of the docket entries in the proceedings below; a copy of the notice of appeal; and a copy of the order(s) appealed and any opinion or decision of the trial court or agency. FRAP 30; 3rd Cir. LAR 28.1, 30.2. In cases involving petitions for a writ of habeas corpus (28 U.S.C. §§ 2241, 2254 or 2255) or when leave has been granted for the appellant to proceed in forma pauperis, the appeal will be heard on the original record. 3rd Cir. LAR 30.2.

### Time Requirements For Briefs And Appendix

**Briefs:** The Clerk's Office will inform you of the time requirements applicable in your case in a briefing letter. In the typical civil appeal, appellant's brief is due 40 days after the record is received by the Clerk. Appellee's brief is due 30 days after appellant's brief is served. The reply brief, if any, is due 14 days after service of appellee's brief. FRAP 31(a)(1).

**The appellant/petitioner is permitted to file only an appellant's brief and a single reply brief (in response to the brief(s) by appellee(s)). Appellee/respondent's brief responds to the arguments in the appellant's brief. FRAP 31(a)(1).**

**Appendix:** An appendix must be filed on the same day a brief is due and served on the opposing party. FRAP 30(a)(3).

**Petition for rehearing en banc:** A petition for rehearing must be filed within 14 days after entry of judgment or 45 days in a civil case in which the United States is a party. FRAP 40(a)(1).

**Extension of Time:** If you need an extension of time in which to file your brief and/or appendix, you must request the extension (well before the brief is due) by filing a motion for

extension of time with the Clerk. Extensions are disfavored. Failure to file a brief when due or to request an extension may result in dismissal of the appeal for failure to timely prosecute the appeal. 3rd Cir. LAR Misc. 107.2.

---

### Number Of Copies

**Briefs:** Unless you are proceeding in forma pauperis or have been granted leave to file fewer copies, you must file seven paper copies (total) of a formal or informal brief. 3rd Cir. LAR 31.1. If you are proceeding in forma pauperis, you may file four copies. You must serve the brief on each opposing party and file a certificate of service. FRAP 31(b).

**Appendix:** A minimum of four copies of the appendix must be filed with the clerk and a copy must be served on all opposing parties. You must also file a certificate of service. FRAP 30(a)(3); LAR 30.

**Motions:** You must send an original of any motion to the Clerk, with a certificate of service. FRAP 25(d), 27(d)(3).

**Petition for rehearing en banc**: You need only file an original; you must serve all opposing parties.

---

### Electronic Filing

Non-prisoner pro se litigants may file documents electronically on the court's cm/ecf docketing system, but they are not required to do so. Prisoner and non-prisoner pro se litigants may file documents in paper only. When a pro se litigant files a document that should appear on the docket in paper form only, the clerk's office will scan the document and attach it to the court's electronic docket. See the court's website for rules and instructions on electronic filing. The clerk may order that overlength or repetitive filings will not be available electronically. L.A.R. Misc. Rule 113.2(d). If filing electronically, pro se litigants, like attorneys, must also file paper copies of briefs and appendices with the clerk along with electronic copies. The clerk may direct a party to provide the court with paper copies of other documents filed electronically. The clerk may terminate without notice the filing privileges of any litigant who abuses the system by excessive filings, either in terms of quantity or length. L.A.R. Misc. Rule 113.2(d).

7

Ordinarily, prisoners and institutionalized persons will not be approved to file documents electronically. Prisoners and institutionalized persons must file documents with the clerk in paper form only. There are unique IT obstacles to electronic filings by prisoners and institutionalized persons. Programs in prisons and institutions that permit prisoners to receive e-mail often do not provide Internet access or permit attachments to e-mail. Because registration as a Filing User constitutes consent to electronic service of all documents by opposing counsel, 3d Cir. L.A.R. 113.2(c), and because the clerk's office transmits all orders, opinions, etc. to Filing Users by electronic means, 3d Cir. L.A.R. 113.10, Filing Users must be able to receive attachments. Moreover, the clerk's office can not mark notices of docket activity with attached documents as legal mail. Non-lawyers may not file documents electronically for prisoners. 28 U.S.C. § 1654.

**Litigants must follow Judicial Conference policy regarding privacy.** Only the *last* four digits of social security numbers or financial account numbers may be used. Only initials of *minor* children may be used. Dates of birth may only reference the year. In criminal cases only the city and state of home addresses may be used. **It is the litigant's responsibility, not that of the Clerk's Office staff, to ensure compliance with the privacy policy even if the clerk's office staff is scanning documents.**

---

### Electronic Access To Documents

While most documents are available electronically through the PACER system, this is not true for every document in every case. Generally, a litigant in a case gets "one free look" at recently filed documents through the notice of docket activity. But fees may apply for viewing documents on PACER. Non-lawyers can check the docket for prisoners and institutionalized persons, but there will be a charge. See the PACER web site for information on fees: www.pacer.gov. In accordance with Judicial Conference policy, documents in immigration and social security cases are locked and may not be viewed remotely. Documents in immigration and social security cases may be viewed at the courthouse in the clerk's office. Appendices in criminal cases are similarly locked. Documents that are sealed by court rule or order are not available electronically or at the courthouse. Opinions are posted on the court's web site as required by the E-Government Act.

---

### Answers To Frequently Asked Questions

*Will the Court appoint counsel for me?* Both case law and statutes strictly limit the situations in which the Court can appoint counsel or request the services of volunteer counsel. Generally counsel is appointed only if you cannot afford to retain counsel and your appeal involves complex criminal, habeas corpus, or civil rights issues. To request the Court to appoint counsel, you should file a motion for the appointment of counsel stating reasons why counsel is necessary, and serve opposing counsel.

*How is my case decided?* Once all briefs have been filed (appellant's and appellee's), your case will be placed in a ready pool. Cases that were ready before yours will *be sent by the* Clerk to the Court first.

The judges will very carefully analyze the lower court records, briefs, and appendices in your *case*. Oral argument is not a right. The judges will ask for oral argument only when they think it will be useful in deciding a case. 3rd Cir. LAR 34.1. If the Court orders oral argument, you will be notified by the clerk ten (10) days in advance. Otherwise, the case is considered only on the record, briefs, and appendix. Three judges will decide your case, applying the appropriate legal standards. **Note:** it is inappropriate to contact the judges directly. Direct all correspondence to the Clerk's Office.

*Will there be an opinion?* According to Internal Operating Procedure Chapter 6, the judges will write *opinions* only when there is reason to do so. There is no right to an opinion. If the panel members agree unanimously that the district court decision was not clearly erroneous, that a jury verdict is supported by the facts, that the record supports an agency decision, that no error of law is present, that the district court did not abuse its discretion, or that the court lacks jurisdiction, the Court may affirm the decision of the district court by JUDGMENT ORDER.

*What if I lose?* Despite your arguments to the contrary, you may lose an appeal. If you disagree with this Court's final decision, you may file a petition for rehearing in this Court. The Clerk's Office will send information regarding petitions for rehearing at the appropriate time. Alternatively, you may file a petition for writ of certiorari in the Supreme Court of the United States, 1 First Street, N.E., Washington, D.C., 20543. Contact that Court for further information (202-479-3000).

