No. 22-1651

# In The United States Court Of Appeals For The Third Circuit

**RAJAN PATEL,**

*Appellant*,

**v.**

**EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES**

On Appeal from the Order and Judgment Entered by the United States District Court for the Eastern District of Pennsylvania, No. 2:21-cv-00546

**PETITION FOR PANEL REHEARING**

Elisa P. McEnroe
Max O. Bernstein
Matthew D. Klayman
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
T. 215.963.5917
F. 215.963.5001

*Attorneys for Appellee Educational Commission for Foreign Medical Graduates*

# TABLE OF CONTENTS

**Page**

Table of Authorities ................................................................................. ii

Background ............................................................................................1

Argument...............................................................................................5

Conclusion .............................................................................................9

Certificate of Bar Membership, Compliance with Type-Volume Limitation
and Typeface Requirements, and Virus Check ...........................................11

Certificate of Service ............................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Berger v. Nat'l Bd. of Med. Examiners*,
   No. 1:19-CV-99, 2019 WL 4040576 (S.D. Ohio Aug. 27, 2019) ...................... 7

*Doe v. Nat'l Bd. of Med. Examiners*,
   199 F.3d 146 (3d Cir. 1999) ........................................................... 6, 8

*Hudson United Bank v. LiTenda Mortg. Corp.*,
   142 F.3d 151 (3d Cir. 1998) ............................................................ 8

*In re Montgomery Cnty.*,
   215 F.3d 367 (3d Cir. 2000) ............................................................ 8

*Katz v. Nat'l Bd. of Med. Examiners*,
   No. 3:15-CV-01187, 2016 WL 8222071 (M.D. Pa. Nov. 30, 2016) ................... 6

*Mahmood v. Nat'l Bd. of Med. Examiners*,
   No. CIV.A. 12-1544, 2013 WL 553085 (E.D. Pa. Feb. 14, 2013) ...................... 7

*N.J. Carpenters v. Tishman Constr. Corp. of N.J.*,
   760 F.3d 297 (3d Cir. 2014) ............................................................ 8

*Porch v. Univ. of Ill. at Chi., Sch. of Med.*,
   No. 21-CV-3848, 2022 WL 3082353 (N.D. Ill. Aug. 3, 2022) .......................... 7

*Ramsay v. Nat'l Bd. of Med. Examiners*,
   968 F.3d 251 (3d Cir. 2020) ............................................................ 6

*Story v. Kindt*,
   26 F.3d 402 (3d Cir. 1994) ............................................................. 8

*Thomas v. NBME-Nat'l Bd. of Med. Examiners*,
   No. CIV.A. 13-3946, 2015 WL 667077 (E.D. Pa. Feb. 13, 2015) ...................... 6

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

**STATUTES**

Americans with Disabilities Act,
   42 U.S.C. §§ 12101 *et seq.* ...........................................................................*passim*
   Section 302 (42 U.S.C. § 12182)...........................................................4, 7, 8, 9
   Section 309 (42 U.S.C. § 12189)..............................................................*passim*

Equal Educational Opportunity Act, 20 U.S.C. §§ 1701 *et seq.* ..............................2

**OTHER AUTHORITIES**

Test Accommodations, USMLE, https://www.usmle.org/step-exams/test-
   accommodations (last accessed May 23, 2023)....................................................7

A panel of this Court vacated the District Court's dismissal of Appellant Rajan Patel's claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* The panel concluded that Appellant's ADA claim involves an examination and therefore is subject to the requirements of Section 309 of the ADA, 42 U.S.C. § 12189, and the District Court erred because it did not discuss Section 309.

Appellee Educational Commission for Foreign Medical Graduates ("ECFMG") respectfully requests rehearing of that aspect of the panel's decision. Rehearing is necessary because the panel stopped short of analyzing the legal sufficiency of Appellant's claim under Section 309. As a result, the panel ignored materials—found in both the record on appeal and the case law—demonstrating that ECFMG does not "offer[]" the examination at issue and therefore cannot be liable under Section 309.

The Court should grant rehearing and affirm the District Court's order in full.

## BACKGROUND

The United States Medical Licensing Examination ("USMLE") is a multistep test that international medical graduates ("IMGs"), among others, must pass to pursue post-graduate medical education in the United States. The USMLE is sponsored by the National Board of Medical Examiners ("NBME") and the

Federation of State Medical Boards ("FSMB").  SAppx84.  It is administered by a third-party testing center called Prometric.  SAppx19, 85, 116; *see also* SAppx5.

During the pandemic, Prometric began requiring test takers to wear masks when sitting for the USMLE.  Appellant alleges that he is an IMG who wishes to take the USMLE but cannot because his asthma prevents him from complying with Prometric's mask requirement.

Appellant contends that requiring him to wear a mask during the USMLE violates the ADA.[1]  But rather than sue the test administrator responsible for the mask requirement (Prometric) or the sponsors of the USMLE (NBME or FSMB), Appellant sued ECFMG, a non-profit that issues certificates to IMGs indicating they have met certain minimum criteria to enter post-graduate medical education in the United States, including that they passed part of the USMLE and satisfied certain other requirements.

As part of its certification requirements, ECFMG mandates that IMGs pass each step of the USMLE within a seven-year period.  SAppx20.  Appellant claims he has been unable to complete the last of his required exams within a seven-year period because of the mask requirement, but Prometric supposedly suggested he

---

[1] Appellant further contends that requiring him to wear a mask during the USMLE also violates the Equal Educational Opportunity Act ("EEOA"), 20 U.S.C. §§ 1701 *et seq.*  The panel correctly affirmed the District Court's dismissal of the EEOA claim, and ECFMG does not seek rehearing of that aspect of the panel's decision.

could take the USMLE without a mask if he provided written proof that ECFMG would grant him a prospective exception to its seven-year requirement. *Id.* Consistent with established policies, ECFMG declined to grant such a prospective, open-ended exception to its rule. SAppx21.

Proceeding *pro se*, Appellant sued ECFMG under the ADA. Construing the operative pleading in the light most favorable to Appellant, it appears to seek two accommodations: an exception to Prometric's mask requirement, and an exception to ECFMG's seven-year requirement.

The United States District Court for the Eastern District of Pennsylvania dismissed Appellant's ADA claim with prejudice. The District Court explained that the ADA prohibits discrimination on the basis of disability in places of public accommodation "by the public accommodation's owner, lessor or operator," SAppx12 (citation omitted), and held that Appellant fails to state an ADA claim against ECFMG because ECFMG does not own, lease, or operate the USMLE testing locations at issue, SAppx13.

The District Court further noted that "it is *Prometric* that has impeded [Appellant's] access to a test center to sit for [the USMLE] by refusing an accommodation for his disability and by making the disability accommodation conditional" on ECFMG granting an exception to its seven-year requirement. *Id.* The District Court therefore ruled that Appellant's ADA claim fails because

ECFMG cannot be liable (1) "for another entity's purported failure to provide an accommodation under the ADA," or (2) "for its refusal to grant [Appellant] a prospective exception to the Seven-Year Rule under its guidelines." *Id.*

On appeal, the panel issued a *per curiam* decision vacating the District Court's order to the extent that it dismissed the ADA claim against ECFMG. The panel concluded that the District Court erred in dismissing the ADA claim pursuant to Section 302 of the ADA (which imposes obligations on persons who own, operate, or lease places of public accommodation, *see* 42 U.S.C. § 12182(a)) because the ADA claim involves "examinations" and is therefore governed by Section 309 of the ADA, which imposes obligations on "[a]ny person that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or postsecondary education, professional, or trade purposes," 42 U.S.C. § 12189.

But after concluding that Section 309 applies to the ADA claim in this case, the panel did not decide whether Appellant has actually stated a claim against ECFMG under Section 309. The panel did not consider the District Court's conclusion that Prometric allegedly "impeded [Appellant's] access to a [USMLE] test center" and that ECFMG "cannot [be] liable for another entity's purported failure to provide an accommodation under the ADA." SAppx13. Nor did the panel consider whether ECFMG "offers" the USMLE such that it is subject to Section 309,

when the USMLE is administered by Prometric and sponsored by the NBME and the FSMB—not ECFMG.  SAppx84.

## ARGUMENT

The Court should grant rehearing because the panel should have affirmed the dismissal of Appellant's ADA claim.  ECFMG does not "offer[]" the USMLE and therefore cannot be liable under Section 309 of the ADA.

Section 309 imposes obligations on "[a]ny person that ***offers examinations or courses*** related to applications, licensing, certification, or credentialing for secondary or postsecondary education, professional, or trade purposes[.]" 42 U.S.C. § 12189 (emphasis added).  Accordingly, Appellant can only state a claim against ECFMG under Section 309 if there are well-pleaded allegations that ECFMG "offers" the USMLE.

The record on appeal is clear: ***ECFMG does not offer the USMLE***.  The USMLE is administered by Prometric.  *See* SAppx19, 85, 116; *see also* SAppx5 ("Prometric is a private company that administers the three exams required for certification.").  It is sponsored by the NBME and the FSMB.  *See* SAppx84.  There are no well-pleaded allegations that ECFMG offers the USMLE.  At most, it is alleged that passage of certain components of the USMLE is a requirement for ECFMG certification, but that is not the same as offering the USMLE.  Indeed, if that were sufficient to trigger Section 309 of the ADA, any institution that considers

USMLE results would be deemed to "offer[]" the USMLE and would lead to absurd results.

This Court has repeatedly acknowledged that the USMLE is "offer[ed]" by entities other than ECFMG. For example, in *Doe v. National Board of Medical Examiners*—the case the panel cited for the proposition that Section 309 applies to Appellant's ADA claim—a medical student with multiple sclerosis alleged that the NBME violated Title III of the ADA by annotating his scores on the USMLE to note that an accommodation had been provided on account of disability. 199 F.3d 146, 149 (3d Cir. 1999). On appeal, this Court recognized that the entities that "offer[]" the USMLE for purposes of Section 309 are "NBME, together with the Federation of State Medical Boards of the United States, Inc." *Id.*

*Doe* is not alone. Myriad decisions from this Court (and others) involving Section 309 have recognized that the USMLE is offered by the NBME and the FSMB, *not* ECFMG. *See Ramsay v. Nat'l Bd. of Med. Examiners*, 968 F.3d 251, 254 (3d Cir. 2020) ("The [NBME] administers the United States Medical Licensing Examination ('USMLE')."); *Katz v. Nat'l Bd. of Med. Examiners*, No. 3:15-CV-01187, 2016 WL 8222071, at *1 (M.D. Pa. Nov. 30, 2016) (describing USMLE as "owned and administered by the NBME and FSMB"), *report and recommendation adopted*, No. 3:15-CV-1187, 2017 WL 515006 (M.D. Pa. Feb. 7, 2017), *aff'd*, 751 F. App'x 231 (3d Cir. 2018) (per curiam); *see also Thomas v. NBME-Nat'l Bd. of*

6

*Med. Examiners*, No. CIV.A. 13-3946, 2015 WL 667077, at *1 (E.D. Pa. Feb. 13, 2015) ("The USMLE is sponsored by Defendant National Board of Medical Examiners ('NMBE') and a non-party to this litigation, the Federation of State Medical Boards ('FSMB')."); *Mahmood v. Nat'l Bd. of Med. Examiners*, No. CIV.A. 12-1544, 2013 WL 553085, at *1 (E.D. Pa. Feb. 14, 2013) (noting that Section 309 "requires NBME to offer its exam" in a certain manner to persons with disabilities); *Porch v. Univ. of Ill. at Chi., Sch. of Med.*, No. 21-CV-3848, 2022 WL 3082353, at *2 (N.D. Ill. Aug. 3, 2022) ("The USMLE is sponsored by the Federation of State Medical Boards (FSMB) and the National Board of Medical Examiners (NBME)."); *Berger v. Nat'l Bd. of Med. Examiners*, No. 1:19-CV-99, 2019 WL 4040576, at *1 (S.D. Ohio Aug. 27, 2019) ("The NBME is a not-for-profit organization that administers the USMLE together with the Federation of State Medical Boards.").[2]

The panel should have ruled that Appellant has failed to state an ADA claim under Section 309 because ECFMG does not "offer[]" the USMLE. The panel's sole justification for not deciding that question is that the District Court "end[ed] its inquiry at section 302" and therefore "erred in dismissing [Appellant's] amended complaint pursuant to section 302 of the ADA." Op. 4. But "[i]t is appropriate for

---

[2] Consistent with these precedents, the NBME and the FSMB have created a process for individuals taking the USMLE to request test accommodations under the ADA. *See* Test Accommodations, USMLE, https://www.usmle.org/step-exams/test-accommodations (last accessed May 23, 2023) (describing the process for requesting test accommodations from USMLE, "a joint program of the FSMB and NBME").

[the Court] to reach an issue that the district court did not if 'the issues provide purely legal questions, upon which an appellate court exercises plenary review.'" *N.J. Carpenters v. Tishman Constr. Corp. of N.J.*, 760 F.3d 297, 305 (3d Cir. 2014) (quoting *Hudson United Bank v. LiTenda Mortg. Corp.*, 142 F.3d 151, 159 (3d Cir. 1998)); *see Story v. Kindt*, 26 F.3d 402, 407–08 (3d Cir. 1994) (Cowen, J., dissenting) ("As a general matter, a court of appeals does not remand purely legal questions to the district court for the sole purpose of having the district court address the question in the first instance.").

On this, *Doe* is again instructive.  In *Doe*, the district court analyzed the ADA claim under Section 302.  After this Court concluded that was error because the ADA claim should have been analyzed under Section 309, the Court went on to decide whether the plaintiff had stated a claim under Section 309.  "Where, as here, the issues are purely legal and ripe for review," there is "little benefit in requiring [Appellant] to press [his] claims anew in the District Court, and to risk yet further delay should that court's ultimate decision lead to a subsequent appeal." *In re Montgomery Cnty.*, 215 F.3d 367, 375 (3d Cir. 2000).

The panel's decision to remand for further consideration also overlooked reasoning in the District Court's opinion that would dispose of Appellant's ADA claim under Section 309.  The District Court observed that "it is *Prometric* that has impeded [Appellant's] access to a test center to sit for the [USMLE] by refusing to

provide an accommodation for his disability" and that ECFMG cannot be held liable "for another entity's purported failure to provide an accommodation under the ADA." SAppx13. The conclusion that ECFMG cannot be liable for Prometric's failure to accommodate applies with equal force to Appellant's ADA claims under either Section 302 or Section 309. Regardless of which ADA provision applies, ECFMG cannot be liable when the entity obligated by law to provide an accommodation is ***not*** ECFMG.

In sum, it is well established that the Court can affirm the District Court's order for any reason supported by the record, and the sufficiency of Appellant's ADA claim under Section 309 is a pure question of law properly before the Court. The documents in the record before the Court—and ample case law from this Court and others—confirm that Appellant does not (and cannot) allege that ECFMG "offers" the USMLE within the meaning of Section 309 of the ADA. Accordingly, as a matter of law, Section 309 imposes no obligations on ECFMG, and Appellant fails to state a claim for relief against ECFMG under Section 309 of the ADA.

## CONCLUSION

For these reasons, the Court should grant rehearing and affirm the District Court's order in full.

Dated: May 23, 2023                         *s/ Elisa P. McEnroe*
                                            Elisa P. McEnroe
                                            Max O. Bernstein
                                            Matthew D. Klayman
                                            MORGAN, LEWIS & BOCKIUS LLP
                                            1701 Market Street
                                            Philadelphia, PA 19103
                                            T. 215.963.5917
                                            F. 215.963.5001

                                            *Attorneys for Appellee Educational
                                            Commission for Foreign Medical
                                            Graduates*

**CERTIFICATE OF BAR MEMBERSHIP, COMPLIANCE WITH TYPE-VOLUME LIMITATION AND TYPEFACE REQUIREMENTS, AND VIRUS CHECK**

In accordance with Local Appellate Rule 28.3(d), I certify that all counsel whose names appear on this petition are members in good standing of the bar of this Court.

In accordance with Federal Rule of Appellate Procedure 32(g), I certify that the foregoing Petition for Panel Rehearing meets the type-volume limitations of Rule 40(b)(1) because it contains 2,089 words.

In accordance with Local Appellate Rule 31.1(c), I certify that the text of the electronic brief is identical to the text of the paper copies and that Microsoft Defender was run on the file and did not detect a virus.

Dated: May 23, 2023

      *s/ Elisa P. McEnroe*
Elisa P. McEnroe

*Attorney for Appellee Educational Commission for Foreign Medical Graduates*

11

## CERTIFICATE OF SERVICE

I certify that, on this May 23, 2023, I electronically filed the foregoing Petition for Panel Rehearing with the Clerk for the United States Court of Appeals for the Third Circuit through the appellate CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  I certify that one participant in the case is not a CM/ECF user.  I have mailed the foregoing Petition for Panel Rehearing by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participant:

Rajan Patel
8701 Deanna Drive
Gaithersburg, MD 20882

*Pro Se Appellant*

Dated: May 23, 2023

 *s/ Elisa P. McEnroe*
Elisa P. McEnroe

*Attorney for Appellee Educational Commission for Foreign Medical Graduates*

12

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1651

_____

RAJAN PATEL,
                                        Appellant

v.

EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-21-cv-00546)
District Judge:  Honorable Nitza I. Quiñones Alejandro
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 13, 2022
Before:  JORDAN, GREENAWAY, JR., and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: May 10, 2023)

_____

OPINION[*]

_____

PER CURIAM

        Rajan Patel appeals pro se from an order of the District Court dismissing his

amended complaint for failure to state a claim on which relief may be granted.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Patel is an international medical school graduate ("IMG") who is seeking to apply to medical residency programs in the United States. The Educational Commission for Foreign Medical Graduates ("ECFMG") is a private, non-profit organization that is authorized to certify IMGs as eligible to apply for medical residency programs in the United States. The certification process involves taking and passing three examinations within a seven-year period. These exams are administered at third-party testing centers. When Patel, who alleges that he suffers from asthma and is under the care of a pulmonologist, sought to sit for his third exam, he requested an accommodation to the testing center's COVID-19 mask requirement based on his medical conditions. He avers that the testing center informed him that it would grant him an accommodation only if ECFMG provided notice that it would waive its seven-year requirement, which had lapsed as to Patel while testing centers were closed due to the COVID-19 pandemic. ECFMG refused to grant Patel a prospective exception to the seven-year requirement and advised him that it would consider an exception once he passed the exam.

Patel subsequently filed a pro se complaint against ECFMG, which he later amended to allege violations of the Americans with Disabilities Act ("ADA") and the Equal Educational Opportunities Act ("EEOA"). ECFMG moved to dismiss the complaint on the bases that the case was not ripe and that the complaint failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). The District Court concluded that Patel's claims were ripe for adjudication but dismissed the amended complaint for failure to state a claim. Specifically, the District Court determined that Patel's EEOA claim

failed because ECFMG is not a state or local educational agency, and that his ADA claim

failed because ECFMG is not the owner or operator of a physical place and is therefore

not subject to Title III of the ADA.  Patel timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We exercise

plenary review over the District Court's decision to grant a defendant's Rule 12(b)(6)

motion.  See Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  "[I]n deciding a

motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and

interpreted in the light most favorable to the plaintiff[], and all inferences must be drawn

in favor of [him]."  McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009)

(quotation marks and citation omitted).  We are mindful of our obligation to construe

Patel's pro se filings liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per

curiam).

First, to the extent that Patel has not forfeited a challenge to the District Court's

dismissal of his EEOA claim, we agree with the dismissal because ECFMG is not a state

actor or a local educational agency.  See 20 U.S.C. § 1703; Issa v. Sch. Dist. of

Lancaster, 847 F.3d 121, 131-32 (3d Cir. 2017).

We disagree, however, with the District Court's conclusion that Article III of the

ADA does not apply to ECFMG because it does not own, lease, or operate a physical

place of public accommodation within the meaning of section 302 of the ADA.  See 42

U.S.C. § 12182.[1]  In ending its inquiry at section 302, the District Court failed to consider section 309 of the ADA, which provides that "[a]ny person that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or postsecondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals." 42 U.S.C. § 12189.  This Court has held that, in the context of ADA claims involving examinations, courts must apply the more specific section 309, rather than the general provisions of section 302.  See Doe v. Nat'l Bd. of Med. Exam'rs, 199 F.3d 146, 154-55 (3d Cir. 1999).  The District Court therefore erred in dismissing Patel's amended complaint pursuant to section 302 of the ADA.

Accordingly, we will vacate the District Court's order to the extent that it dismissed Patel's ADA claim against ECFMG.  We will otherwise affirm the District Court's ruling.[2]  This matter is remanded for further proceedings consistent with this opinion.

---

[1] ECFMG contends in its brief that Patel has forfeited any challenge to the District Court's ruling by failing to adequately address it in his brief.  Construing Patel's brief broadly, as we must, we find that he sufficiently presented the issue on appeal.

[2] We deny Patel's motion to seal the documents filed in this Court because they disclose that he requested an accommodation for a disability.  Patel had to show that "the interest in secrecy outweigh[ed] the presumption" under common law that "the public has a right of access to judicial [records]." In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d 662, 672 (3d Cir. 2019) (quotation marks and citation omitted).  He needed to establish, among other things, "that disclosure will work a clearly defined and serious injury to the party seeking closure." Id. (quotation marks omitted).  Patel failed to make this showing, as his filings do not include detailed or sensitive medical information, his

medical conditions are at issue in this case, and he has not established the requisite injury.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1651

_____

RAJAN PATEL,
                                                    Appellant

v.

EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-21-cv-00546)
District Judge:  Honorable Nitza I. Quiñones Alejandro

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 13, 2022
Before:  JORDAN, GREENAWAY, JR., and NYGAARD, <u>Circuit Judges</u>

_____

**JUDGMENT**

_____

        This cause came to be considered on the record from the United States District
Court for the Eastern District of Pennsylvania and was submitted pursuant to Third
Circuit LAR 34.1(a) on December 13, 2022.  On consideration whereof, it is now hereby
        ORDERED and ADJUDGED by this Court that the judgment of the District Court
entered April 8, 2022, be and the same is hereby affirmed in part and vacated in part.
This matter is remanded for further proceedings.  Each side shall bear its own costs.
All of the above in accordance with the opinion of this Court.

ATTEST:

s/ Patricia S. Dodszuweit
Clerk

Dated: May 10, 2023